UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BUZZARD, JR, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>INDETERMINATE SENTENCE REVIEW BOARD, *et al.*,<br><br>　　　　Defendants. | Case No. C14-959RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION WITH PREJUDICE |

　　　　The Court has reviewed and considered the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Alice Theiler, Dkt. # 46, and plaintiffs' objections thereto, Dkt. # 49. The Court ADOPTS the R & R for the following reasons.

　　　　The Court incorporates by reference the case background provided in the R & R. Dkt. # 46 at 2-6. Plaintiffs challenge the authority of the Indeterminate Sentence Review Board ("ISRB") to extend their minimum terms by five years pursuant to RCW 9.95.011(2)(a) and RCW 9.95.420(3)(a). Plaintiffs claim that extending their terms in this manner, under the statutes as they were amended in 2007, would violate plaintiffs' rights under the Ex Post Facto Clause of the United States Constitution. Judge Theiler has recommended dismissing this action under the Younger abstention doctrine, given that plaintiffs have an ongoing state court action challenging the constitutionality of Washington State's parole procedures.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING ACTION WITH PREJUDICE  - 1

1  Under Sprint Commc'ns v. Jacobs, 134 S. Ct. 584, 591 (2013), the Younger abstention doctrine may only apply where one of three types of state proceedings are pending: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." A court may abstain from hearing a case under Younger only where state proceedings (1) are ongoing; (2) fall into one of the above three categories; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges. See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund., 754 F.3d 754, 759 (9th Cir. 2014). Where these threshold elements have been met, the Court must determine whether the federal action would have the practical effect of enjoining the state proceedings, in which case abstention is appropriate (unless a recognized exception to the abstention doctrine applies). See id.

The Court finds that plaintiffs' ongoing state court litigation over ISRB procedures satisfies the above requirements and that the Court should thus abstain from hearing the instant case under Younger. First, this case falls under one of the categories identified in Sprint. In Maney v. Winges-Yanez, 2014 WL 5038302, at *3 (D. Or. Oct. 8, 2014), plaintiff challenged the policies of the Oregon Board of Parole and Post-Prison Supervision, which conducted "rehabilitation" hearings to evaluate prisoners' eligibility for parole. At the time that he brought his federal action, plaintiff had two pending state court appeals challenging Board decisions relating to two of his rehabilitation hearings. Id. The court found that plaintiff's state court litigation represented (a) a continuation of ongoing state criminal proceedings (the first Sprint category) and/or (b) a civil proceeding over state orders bearing directly on the judicial function of sentencing offenders and enforcing orders of the state court (the third Sprint category). Id. This Court similarly finds that plaintiffs' state court action challenging ISRB parole procedures falls under the third Sprint category.

Second, the other requirements for abstention have also been satisfied. Plaintiffs' state court litigation is ongoing and is "poised to resolve the federal constitutional issue" here. Dkt.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING ACTION WITH PREJUDICE  - 2

1  # 46 at 10.  This case clearly implicates an important state interest, namely determining when
2  inmates may be released.  See Maney v. Winges-Yanez, 2014 WL 3778309, at *7 (D. Or. July
3  30, 2014) motion for reconsideration denied, 2014 WL 5038302 (D. Or. Oct. 8, 2014) (state had
4  significant interest in determining eligibility for parole and establishing and enforcing parole
5  conditions); see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423,
6  432 (1982) (state has important interest in proceedings that "bear a close relationship to
7  proceedings criminal in nature" and proceedings that are "necessary for . . . the functioning of
8  the state judicial system[.]").  Finally, as the resolution of plaintiffs' state court action will
9  "necessarily foreclose any future proceedings in this Court," Dkt. # 46 at 10, it follows that
10 granting relief here would in effect enjoin plaintiffs' state court proceedings.  Abstention under
11 Younger is appropriate.

12      For all of the foregoing reasons, the Court ADOPTS the Report and Recommendation of
13 Judge Theiler, Dkt. # 46; DENIES defendants' motion to dismiss, Dkt. # 35; DISMISSES WITH
14 PREJUDICE plaintiffs' amended civil rights complaint, Dkt. # 18; and DENIES AS MOOT
15 plaintiffs' motion for discovery and plaintiff Buzzard's request to file documents without
16 plaintiff Keisling's signature, Dkt. ## 38, 42.  Because the Court is dismissing this action, it also
17 DENIES plaintiffs' motion to amend the Complaint to add a retaliation claim.  Dkt. # 50.  If
18 plaintiffs wish to pursue this claim, they may do so by filing a new action; the Court is not ruling
19 in this Order on whether this claim is viable.  The Clerk of Court is directed to send copies of
20 this Order to plaintiffs, to counsel for defendants, and to Judge Theiler.

    DATED this 21st day of July, 2015.

                              Robert S. Lasnik
                              United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING ACTION WITH PREJUDICE  - 3