UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BUZZARD, JR. AND WILLIAM KEISLING,

          Plaintiffs,

      v.

ISRB, *et al.*,

          Defendants.

Case No. C14-959-RSL

ORDER DENYING MOTION FOR WAIVER OF FEES

This matter comes before the Court on the "Motion for Waiver of Past Fees" filed by plaintiff Ronald Buzzard, Jr. Dkt. # 69. As pertains to the above-captioned matter,[1] Mr. Buzzard requests waiver of the amount he still owes on his filing fee: $175.00. Dkt. # 69 at 1–2. On June 9, 2014, Mr. Buzzard filed a "Declaration and Application to Proceed *In Forma Pauperis*" and a form acknowledging responsibility for "payment of the full $350.00 filing fee under 28 U.S.C. § 1915" and authorizing the agency having custody over him to collect this fee from his account in monthly payments. Dkt. # 1. The Court granted Mr. Buzzard IFP status on July 28, 2014. Dkt. # 8. Mr. Buzzard was a state prisoner at the time of that Order, and he remains a state prisoner

---

[1] Judgment was issued in the above-captioned matter on July 22, 2015. Dkt. # 56. Mr. Buzzard's civil rights complaint and action was dismissed with prejudice. Dkt. # 55. Mr. Buzzard also appears to be seeking waiver of fees related to other actions he initiated in this District, see Dkt. # 69 at 1–2 (citing case numbers), which the instant Order does not address.

ORDER DENYING MOTION
FOR WAIVER OF FEES - 1

today. Dkts. # 8, # 69. The 2014 Order granting Mr. Buzzard IFP status also directed the agency having custody over Mr. Buzzard to collect monthly payments from his account until the entire filing fee was paid. Dkt. # 8 at 2. Mr. Buzzard now requests that the Court waive the remainder of the unpaid filing fee due to his inability to pay. Dkt. # 69.

"28 U.S.C. § 1915(a)(1) allows the district court to waive the [filing] fee, for most individuals unable to afford it, by granting IFP status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). The Prison Litigation Reform Act ("PLRA"), however, altered the IFP provisions for prisoners. Id. at 1052 (citing Abdul–Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)). Although indigent prisoners are granted IFP status if they meet the prerequisites, "§1915(b) provides that prisoners proceeding IFP must pay the filing fee as funds become available in their prison accounts." Id. Plaintiff is incarcerated and thus, under the PLRA, he must pay portions of the filing fee as funds become available in his prison account. Mr. Buzzard cites State v. Blazina, 182 Wn.2d 827 (2015), and State v. Ramirez, 191 Wn.2d 732 (2018), for his position that his filing fee should be waived, but these cases are inapplicable because they pertain to legal financial obligations imposed by state courts in sentencing criminal defendants, not to filing fees required by plaintiffs pursuing civil actions in federal court. Therefore, Mr. Buzzard's request to waive the filing fee is denied.

For all the foregoing reasons, Mr. Buzzard's motion for waiver of fees (Dkt. # 69) is DENIED.

DATED this 3rd day of June, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR WAIVER OF FEES - 2